ACCEPTED
13-15-00487-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/10/2015 2:13:47 PM
Dorian E. Ramirez
CLERK

# No. 13-15-00487-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/10/2015 2:13:47 PM
DORIAN E. RAMIREZ
Clerk

In the Court of Appeals for the
Thirteenth Court of Appeals District
Corpus Christi, Texas

## ESTATE OF LEE ROY HOSKINS, SR., Deceased,

ON APPEAL FROM THE COUNTY COURT, LIVE OAK COUNTY, TEXAS

**FIRST AMENDED BRIEF OF APPELLANTS
COLONEL CLIFTON HOSKINS and HOSKINS, INC.**

DYKEMA COX SMITH
Ellen B. Mitchell
State Bar No. 14208875
emitchell@dykema.com
C. David Kinder
State Bar No. 11432550
dkinder@dykema.com
Melanie L. Fry
State Bar No. 24069741
mfry@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205-1521
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

*Attorneys for Appellants
Colonel Clifton Hoskins and Hoskins, Inc.*

**APPELLANTS REQUEST ORAL ARGUMENT**

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Colonel Clifton Hoskins<br>Hoskins, Inc. | Appellants/defendants |
| DYKEMA COX SMITH<br>Ellen B. Mitchell<br>State Bar No. 14208875<br>C. David Kinder<br>State Bar No. 11432550<br>Melanie L. Fry<br>State Bar No. 24069741<br>112 East Pecan Street, Suite 1800<br>San Antonio, Texas 78205-1521 | Attorneys for appellants Colonel Clifton Hoskins and Hoskins, Inc. |
| Estate of Hazel Q. Hoskins[1] | Appellee/defendant |
| Joyce W. Moore<br>Chris Hodge<br>Langley & Banack, Inc.<br>745 East Mulberry Avenue, Suite 900<br>San Antonio, Texas 78212 | Former attorneys for Hazel Q. Hoskins |
| R. Dyann McCully, Dependent Administratrix of the Estate of Lee Roy Hoskins, Sr., Deceased | Appellee/plaintiff |
| BAKUTIS, MCCULLY & SAWYER, P.C.<br>David C. Bakutis<br>R. Dyann McCully<br>500 West Seventh Street, Suite 725<br>Fort Worth, Texas 76102 | Attorneys for R. Dyann McCully |
| Marcus P. Rogers | Appellee/receiver |

---

[1] See advisory below.

| | |
|---|---|
| YALE LAW FIRM, P.C.<br>Glen A. Yale<br>Ragan Robichaux<br>2135 East Hildebrand Avenue<br>San Antonio, Texas  78209 | Attorneys for Marcus P. Rogers |
| THE HARTNETT LAW FIRM<br>James Hartnett, Jr.<br>220 North Peal Street<br>Dallas, Texas  75201-7315 | Attorneys for Marcus P. Rogers |
| George P. "Trace" Morrill, III | Trustee of the Residuary Trust |
| MORRILL & MORRILL, PLLC<br>George P. "Trace" Morrill, III<br>309 North Washington Street<br>Beeville, Texas  78102 | Attorneys for George P. "Trace" Morrill, III |
| Joe L. Carter, Jr.<br>The Petroleum Center<br>4657-C1 Business 181-N<br>Beeville, Texas  78102 | Trustee of the Marital Deduction Trust |
| Kevin P. Kennedy<br>Attorney at Law<br>1920 Nacogdoches Road, Suite 100<br>San Antonio, Texas  78209-2241 | Attorney for Joe L. Carter, Jr. |
| Southwest Ranching, Inc., Lee Roy Hoskins, Jr. | Appellees/defendants |
| Lee Roy Hoskins, III, Andrea Clare Jurica, and Lee Ann Hoskins Kulka | Appellees/defendants |
| BINGHAM & LEA, P.C.<br>Royal B. Lea, III<br>319 Maverick Street<br>San Antonio, Texas  78212 | Attorneys for Southwest Ranching, Inc., Lee Roy Hoskins, Jr., Lee Roy Hoskins, III, Andrea Clare Jurica, and Lee Ann Hoskins Kulka |
| William Rex Hoskins | Appellee/defendant |

| | |
|---|---|
| JACKSON WALKER, LLP<br>Mark Comuzzie<br>Julia W. Mann<br>112 East Pecan Street, Suite 2400<br>San Antonio, Texas 78205 | Attorneys for William Rex Hoskins |
| Leonard K. Hoskins | Appellee/defendant |
| COATS ROSE, P.C.<br>David L. Ylitalo<br>1020 Northeast Loop 410, Suite 800<br>San Antonio, Texas 78209 | Attorneys for Leonard K. Hoskins |
| Brent C. Hoskins | Appellee/defendant |
| HORNBERGER FULLER & GARZA<br>Brendan C. Holm<br>David W. Navarro<br>The Quarry Heights Building<br>7373 Broadway, Suite 300<br>San Antonio, Texas 78209 | Attorneys for Brent C. Hoskins |
| Blake Hoskins | Appellee/defendant |
| UHL, FITZSIMONS, JEWETT & BURTON,<br>PLLC<br>Ezra A. Johnson<br>4040 Broadway, Suite 430<br>San Antonio, Texas 78209 | Attorneys for Blake Hoskins |

# TABLE OF CONTENTS

Page(s)

IDENTITY OF PARTIES AND COUNSEL .......................................................... ii

TABLE OF AUTHORITIES ............................................................................ vii

ADVISORY CONCERNING THE PARTIES............................................................ix

STATEMENT OF THE CASE.............................................................................ix

ISSUES PRESENTED......................................................................................x

STATEMENT OF FACTS ................................................................................1

I.      Len Hoskins asserts claims against his mother and brother in
        arbitration...................................................................................1

II.     Rex Hoskins initiates the present litigation to remove his
        grandmother as executrix and trustee ..............................................3

III.    Three of Cowboy's grandchildren seek appointment of a
        receiver.......................................................................................4

SUMMARY OF THE ARGUMENT ....................................................................6

STANDARD OF REVIEW ...............................................................................8

ARGUMENT AND AUTHORITIES....................................................................9

I.      Receivership is a drastic remedy that courts must use with caution. .............9

II.     The trial court abused its discretion because there is no
        evidence to support the order appointing a receiver......................................10

III.    The trial court abused its discretion because the receivership is
        not authorized under the Texas Trust Code....................................................12

IV. The trial court abused its discretion because the receivership is not authorized under chapter 64 of the Civil Practice and Remedies Code .................................................................................15

    A. No Trust assets are in danger of being lost, removed, or materially injured ..............................................................15

    B. Section 64.001(a)(6) is not available to support appointing a receiver in this case ......................................17

    C. Equity does not support appointing a receiver because it might be "efficient." ..............................................19

    D. Equity does not support anointing a receiver for purposes not requested by any party ..............................................21

V. The trial court abused its discretion because the receivership is not authorized under the common law .........................................23

VI. The trial court abused its discretion by appointing an individual whose fees were paid by one of the parties ....................................23

CONCLUSION AND PRAYER ........................................................................25

CERTIFICATE OF COMPLIANCE..................................................................26

CERTIFICATE OF SERVICE ..........................................................................27

APPENDIX ........................................................................................................

Page(s)

**Cases**

*Alcantar v. Oklahoma Nat'l Bank*,
47 S.W.3d 815 (Tex. App.—Fort Worth 2001, no pet.)....................................12

*Bocquet v. Herring*,
972 S.W.2d 19 (Tex. 1998)..................................................................................9

*Elliott v. Weatherman*,
396 S.W.3d 224 (Tex. App.—Austin 2013, no pet.)......... 8, 9, 10, 12, 14, 17, 23

*Estate of Benson*,
No. 04-15-00087-CV, 2015 WL 5258702 (Tex. App.—San
Antonio Sept. 9, 2015, no pet.) ................................................................9, 10, 12

*Greater Fort Worth v. Mims*,
574 S.W.2d 870 (Tex. App.—Fort Worth 1978, )..............................................10

*Grinnell v. Munson*,
137 S.W.3d 706 (Tex. App.—San Antonio 2004, no pet.) .........................16, 20

*Gunther v. Dorff*,
296 S.W.2d 638 (Tex. Civ. App.—Waco 1956, writ dism'd)...........................15

*Hoskins v. Hoskins*,
No. 04-13-00859-CV, 2014 WL 5176384 (Tex. App.—San
Antonio Oct. 15, 2014, pet. filed)..................................................................2, 24

*Hughes v. Marshall Nat'l Bank*,
538 S.W.2d 820 (Tex. Civ. App.—Tyler 1976, writ dism'd w.o.j.) ......10, 16, 17

*Interfirst Bank-Houston, N.A. v. Quintana Petro. Corp.*,
699 S.W.2d 864 (Tex. App.—Houston [1st Dist.] 1985,
writ ref'd n.r.e.)..........................................................................................20, 22

*Krumnow v. Krumnow*,
174 S.W.3d 820 (Tex. App.—Waco 2005, pet. denied) ....................9, 10, 12, 23

*Mueller v. Beamalloy, Inc.*,
  994 S.W.2d 855 (Tex. App.—Houston [1st Dist.] 1999, no pet.)................18, 19

*Parks v. Developers Sur. & Indem. Co*.,
  302 S.W.3d 920 (Tex. App.—Dallas 2010, no pet.) ..........................................11

*Spiritas v. Davidoff*,
  459 S.W.3d 224 (Tex. App.—Dallas 2015, no pet.) ......................................8, 12

*Wiley v. Sclafani*,
  943 S.W.2d 107 (Tex. App.—Houston [1st Dist.] 1997, no pet.).....................23

*Zanes v. Mercantile Bank & Trust Co.*,
  49 S.W.2d 922 (Tex. Civ. App.—Dallas 1932, writ ref'd) ...............................24

## Statutes

TEX. CIV. PRAC. & REM. CODE § 64.001(a) ...............................................................18

TEX. CIV. PRAC. & REM. CODE § 64.001(a)(1)-(5) .........................................7, 18, 19

TEX. CIV. PRAC. & REM. CODE § 64.021(a)(2) .......................................................23

TEX. CIV. PRAC. & REM. CODE § 64.001(a)(3) .................................7, 15, 16, 17, 18

TEX. CIV. PRAC. & REM. CODE § 64.001(a)(6) .....................................7, 115, 17, 23

TEX. CIV. PRAC. & REM. CODE § 64.021(a)(2) ....................................................... 23

TEX. PROP. CODE § 114.008(a) ...................................4, 6, 12, 13, 14, 15

TEX. PROP. CODE § 114.008(a)(5)...............................................................12

## Rules

TEX. R. APP. P. 9.4(i)(1) ...................................................................................26

## ADVISORY CONCERNING THE PARTIES

This is an interlocutory appeal from an order appointing a receiver for the assets of two testamentary trusts created under the will of Lee Roy Hoskins, Sr. ("Cowboy"). Those trusts are known as the Marital Deduction Trust and the Residuary Trust (collectively, "Trusts"). *Supp. CR __.*[2] Each Trust terminates by its own terms upon the death of Hazel Hoskins. *Id.* at __. It is undisputed that Hazel Hoskins died on October 26, 2015.

As a result of Hazel Hoskins' death and the termination of the Trusts, Cliff Hoskins and Hoskins, Inc. have filed in the trial court a motion to vacate the order appointing the receiver and to dismiss most of the parties to this action. *Tab A.* That motion has not yet been heard or ruled on. Cliff and Hoskins, Inc. timely file this brief in an effort to avoid delaying this accelerated, interlocutory appeal. They will, however, notify this Court immediately if the trial court takes any action that results in rendering this appeal moot.

## STATEMENT OF THE CASE

Lee Roy Hoskins, Sr., created two testamentary trusts—the Marital Deduction Trust and the Residuary Trust (collectively, "Trusts"), primarily for the benefit of his wife, Hazel Hoskins. *Supp. CR __.* Hazel was named independent

---

[2] Cliff Hoskins and Hoskins, Inc. have requested a supplemental clerk's record including the Last Will and Testament of Lee Roy Hoskins, Sr. and the orders appointing the current Trustees of the testamentary trusts. The contents of the will and the appointment of the current Trustees are uncontested matters. Nevertheless, Cliff and Hoskins, Inc. will supply the missing citations upon receipt of the supplemental record.

executrix of Cowboy's Estate and a trustee of each Trust. *Supp. CR __.* She resigned each of those positions in May 2014.[3] *CR 201, 203, 213.* The court then appointed a dependent administratrix with will attached for the Estate, and a new trustee for each Trust. *Supp. CR __.* There are no allegations that either of the new trustees has engaged in, or might engage in, any breach of trust or breach of fiduciary duty.

Certain contingent beneficiaries of the Residuary Trust (three of Cowboy's grandchildren) filed a motion to appoint a receiver over the assets of both Trusts. *CR 373.* The trial court held a hearing on that motion on July 15, 2015. *RR 61-136.* At that time, the court heard argument from the multitude of parties involved in this case, but no evidence was offered or received. *See id.* The court requested additional briefing, *RR 125-36*, which it received and reviewed before announcing that it would appoint Marcus Rogers as receiver for both Trusts, *see CR 444, 463, 474, 477.* The court signed an order making that appointment, setting the amount of Rogers' bond, and specifying Rogers' duties on October 1, 2015. *CR 477-78.*

## ISSUES PRESENTED

1.  The trial court heard argument of counsel in support of and in opposition to the motion to appoint a receiver. No party offered any evidence at the hearing on the motion.

    Did the trial court abuse its discretion by granting a motion to appoint a receiver that was not supported by any evidence?

---

[3] In connection with the Residuary Trust, Hazel actually filed a "declination to serve and/or resignation" as trustee. *See CR 213.*

2. Movants sought appointment of a receiver under the Texas Property Code and the Civil Practice and Remedies Code. Movants did not establish the necessary elements under either of these statutes, nor did they establish any equitable justification for appointing a receiver.

Did the trial court abuse its discretion by granting a motion to appoint a receiver that is not supported by either law or equity?

3. Marcus Rogers was appointed as receiver for the trust assets in an arbitration proceeding. His fees and expenses were paid by Len Hoskins, one of the parties to this litigation. The trial court appointed Marcus Rogers as receiver in this matter.

Did the trial court abuse its discretion by appointing as receiver an individual who was being compensated by one of the parties?

No. 13-15-00487-CV

---

In the Court of Appeals for the
Thirteenth Court of Appeals District
Corpus Christi, Texas

---

ESTATE OF LEE ROY HOSKINS, SR., Deceased,

---

ON APPEAL FROM THE COUNTY COURT, LIVE OAK COUNTY, TEXAS

---

**FIRST AMENDED BRIEF OF APPELLANTS
COLONEL CLIFTON HOSKINS and HOSKINS, INC.**

---

TO THE HONORABLE JUSTICES OF THE COURT:

NOW COME Colonel Clifton Hoskins ("Cliff") and Hoskins, Inc., and present their Brief of Appellants, demonstrating that the trial court abused its discretion (1) by granting a motion to appoint a receiver that is not supported by law, equity, or any evidence, and (2) by appointing as receiver an individual who was compensated by one of the parties.

## STATEMENT OF FACTS

### I. Len Hoskins asserts claims against his mother and brother in arbitration.

Lee Roy Hoskins, Sr. ("Cowboy") died testate in 1985. *CR 6-7.* In his will,

he created two trusts—the Marital Deduction Trust and the Residuary Trust ("Trusts"). *Supp. CR __.* His wife, Hazel, was named independent executrix of his estate and trustee of both Trusts. *Supp. CR __.* Hazel was also a beneficiary of both Trusts.

Certain of Cowboy's children and grandchildren were dissatisfied with Hazel's performance as executrix and trustee, and the family (including family businesses) has been embroiled in litigation for decades. In one such dispute, Leonard Hoskins ("Len") sued Hazel (his mother), Cliff (his brother), and Hoskins, Inc. (a family business started by his parents). *See Hoskins v. Hoskins*, No. 04-13-00859-CV, 2014 WL 5176384, at *1 (Tex. App.—San Antonio Oct. 15, 2014, pet. filed). That dispute proceeded in arbitration. *Id.* The arbitrator dismissed all of Len's claims against Cliff and Hoskins, Inc., leaving only claims against Hazel pending in arbitration. *Id.* at *2. The district court confirmed the arbitrator's decision and the Fourth Court of Appeals affirmed the judgment of the district court. *Id.* at *1-2, 6.

After Len's claims against Cliff and Hoskins, Inc. were dismissed, the arbitrator appointed Marcus Rogers as receiver of the assets of the Marital Deduction Trust and the Residuary Trust. *CR 15.* The arbitrator later resigned and the arbitration has been abated since November 12, 2013. *CR 90.*

2

## II. Rex Hoskins initiates the present litigation to remove his grandmother as executrix and trustee.

The present litigation was initiated by Rex Hoskins (Len's son and Cowboy's grandson) to remove Hazel as Executrix of Cowboy's Estate and Trustee of the Trusts. *See CR 229.* In November 2013, Marcus Rogers petitioned the trial court in this matter to confirm his appointment as receiver and to authorize him to take possession of Estate and Trust property and records. *CR 9.* Hazel— the only respondent before the court at the time—strenuously opposed the motion. *CR 81, 91, 98, 116, 140, 166.* The trial court denied her opposition. *CR 197-200.*

On May 6, 2014, Rogers filed a First Amended Petition, in which he sought an accounting from Hazel as executrix and trustee. *CR 188.* In the alternative, Rogers asked the court to appoint him as receiver of the Trusts and/or the Estate. *CR 189.*

Hazel resigned as independent executrix and trustee on May 28, 2014. *CR CR 201, 203, 213.* On August 18, 2014, the court appointed Dyann McCully as Dependent Administratrix of Cowboy's Estate. *Supp. CR __.* George P. "Trace" Morrill, III, ("Residuary Trustee") was eventually appointed trustee of the Residuary Trust, and Joe L. Carter, Jr. (Marital Deduction Trustee") was eventually appointed trustee of the Marital Deduction Trust. *Supp. CR __.*

The Dependent Administratrix filed a Petition for Declaratory Judgment naming Cliff Hoskins, Len Hoskins, Lee Roy Hoskins, Jr. ("Lee Roy Jr."), Lee

3

Roy Hoskins, III, Andrea Clare Hoskins, Lee Ann Hoskins Kulka, Brent Carlson Hoskins, Blake Clifton Hoskins, William Rex Hoskins ("Rex"), Daniel Kenton Hoskins, Hoskins, Inc., Southwest Ranching, Inc., Marcus P. Rogers, Gary Jones[4] (then trustee of the Marital Deduction Trust), and George P. "Trace" Morrill, III, as respondents. *CR 321.* In her petition, and in a subsequent Amended Petition for Declaratory Judgment, the Dependent Administratrix asked the court, essentially, to declare whether the Estate, the Trusts, or any of beneficiaries of the Estate or Trusts had any claims against one another and, if so, what those claims were. *CR 327-29, 385-88.*

## III. Three of Cowboy's grandchildren seek appointment of a receiver.

In April, 2015, Lee Roy Hoskins, III, Andrea Clare Jurica, and Lee Ann Hoskins Kulka[5] ("Movants") filed a motion asking the court to appoint Marcus Rogers as receiver of the assets of the Marital Deduction Trust and the Residuary Trust ("Receivership Motion"). *CR 373.* That request was purportedly made pursuant to section 114.008 of the Texas Trust Code, chapter 64 of the Texas Civil Practice and Remedies Code, and common law. *CR 373.* The factual basis for the motion is the assertion that "[n]either Trustee currently has funds with which to pay counsel to prosecute the [unidentified] claims and causes of action of the

---

[4] Joe Carter was substituted for Gary Jones in the First Amended Petition. *CR 379.*

[5] Lee Roy Hoskins, III, Andrea Clare Jurica, and Lee Ann Hoskins Kulka are grandchildren of Cowboy and Hazel Hoskins.

4

Trusts." *CR 374.* The motion does not explain any legal grounds for appointing a receiver, but merely makes reference to the court's authority under the Texas Trust Code to appoint a receiver to "remedy a breach of trust." *CR 373.* The motion expressly states that the Trustees should not be removed but that a receiver should be appointed to work with them because the Trustees lack funds to prosecute unidentified claims. *CR 374.*

The court held a hearing on the Receivership Motion on July 15, 2015. The court heard argument from various parties on both sides of the issue, but no evidence was offered or admitted. *See RR RR 61-136.* Some of the parties thereafter filed additional briefing on the issue at the court's request. *See CR CR 444, 463, 474, 477; RR 125-36.*

On October 1, 2015, the court signed an order appointing Marcus Rogers as receiver for the Trusts. *CR 483.* The order sets Rogers' bond at $50,000 and directs that his fees are to be paid out of the Estate. *CR 483.* The order further directs Rogers to prepare a written report, based on specifically identified documents, stating (1) what Estate assets, if any, should have been distributed to the Marital Deduction Trust or the Residuary Trust, (2) where each asset is currently located, (3) who currently owns each asset, and (4) the approximate fair market value of each asset. *CR 483-84.* Rogers is directed to serve his report on the Dependent Administratrix, the Trustee of each Trust, and each party to this

litigation. *CR 484.*

Following receipt of Rogers' report, the Dependent Administratrix is directed to "file a Motion with the Court seeking authority to transfer the assets or claim for the assets to the Residuary Trust and/or Marital Deduction Trust . . . ." *CR 484.* The Trustees of each Trust may then determine whether to pursue litigation to recover assets that should have been, but were not, distributed to his respective Trust. *CR 484.* Rogers has no authority to pursue any litigation in the absence of a further court order. *CR 484.*

## SUMMARY OF THE ARGUMENT

Appointing a receiver is a drastic remedy that must be supported by evidence and legal or equitable grounds. In this case, no evidence was offered, much less admitted or considered, at the hearing on the motion to appoint a receiver. Rather, the trial court appointed a receiver based only on the arguments of counsel. This defect alone evidences the court's abuse of discretion and warrants vacating the Order Appointing Receiver.

In addition to the lack of evidentiary support, appointing a receiver in this case is not supported by either law or equity. Section 114.008 of the Texas Trust Code authorizes appointment of a receiver to remedy a breach of trust by a trustee. But, not only is there no evidence of any breach of trust, Movants affirmatively alleged and argued that the current Trustees have *not* committed any wrongdoing.

6

Movants hinted at some possible wrongdoing by Hazel during the time she acted as trustee, but such insinuation is insufficient to support the court's order under section 144.008. First, Movants' vague allegations do not constitute evidence. And, second, appointing a receiver is not necessary to remedy any breach of trust because Hazel is no longer the trustee of either Trust. She cannot commit any future breach, and any past breach may be remedied by the current Trustees or Trust beneficiaries.

The trial court's order is also not supported by section 64.001(a)(3) of the Civil Practice and Remedies Code. That statute requires a showing that the property for which a receiver is sought must be in danger of being lost, removed, or materially injured. Movants made no such showing in the trial court.

Movants also invoke section 64.001(a)(6) of the Civil Practice and Remedies Code, which allows appointment of a receiver under the rules of equity in situations not covered by sections 64.001(a)(1) through (5). That section does not apply because this situation is covered by section 64.001(a)(3)—Movants simply failed to sustain their burden of proof under that section.

In any event, equity does not support appointing a receiver in this case. The only justifications offered at the hearing were (1) the Trusts might have claims but the Trustees do not have the resources to pursue them, and (2) appointing a receiver would be "efficient" because it would reduce the number of parties and

lawyers involved in the case.

As to the first argument, the law is well-settled that trust beneficiaries may pursue legal action on behalf of a trust if the trustee cannot or will not do so. No receiver is necessary to preserve and pursue these unidentified claims. As for "efficiency," it is clear from the record that the multiple parties in this case have conflicting interests. No one party, attorney, or receiver can adequately represent and protect all of those interests. It is not equitable to streamline the legal process at the expense of some of the parties' legal rights. That, however, is the result of the trial court's order.

Finally, the trial court abused its discretion by appointing as receiver an individual whose fees and expenses have admittedly been paid (for years) by one of the parties to this litigation.

The trial court abused its discretion by granting a motion to appoint a receiver that is not supported by evidence, law, or equity. The court further abused its discretion by appointing as receiver an individual who is not disinterested in the proceedings and is, therefore, disqualified to serve as receiver. For these reasons, this Court should vacate the Order Appointing Receiver.

## STANDARD OF REVIEW

An order appointing a receiver is reviewed for abuse of discretion. *Spiritas v. Davidoff*, 459 S.W.3d 224, 231 (Tex. App.—Dallas 2015, no pet.); *Elliott v.*

8

*Weatherman*, 396 S.W.3d 224, 228 (Tex. App.—Austin 2013, no pet.). "It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or without regard to guiding legal principles, or to rule without supporting evidence." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) (citation omitted); *accord Elliott*, 396 S.W.3d at 228.

In addition, "a trial court has no discretion in determining what the law is or applying the law to the facts." *Elliott*, 396 S.W.3d at 228. "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.*

## ARGUMENT AND AUTHORITIES

### I.     Receivership is a drastic remedy that courts must use with caution.

"Whether authorized by statute or by equity, the appointment of a receiver is considered a harsh, drastic, and extraordinary remedy that must be used cautiously." *Estate of Benson*, No. 04-15-00087-CV, 2015 WL 5258702, at *5 (Tex. App.—San Antonio Sept. 9, 2015, no pet.); *accord Elliott*, 396 S.W.3d at 228. In fact, it is considered such "an extraordinarily harsh remedy" that "courts are particularly loathe to utilize [it]." *Krumnow v. Krumnow*, 174 S.W.3d 820, 828 (Tex. App.—Waco 2005, pet. denied).

For this reason, the appellate courts must be especially diligent in ensuring that trial courts grant this drastic form of relief only in cases where receivership is

9

supported by both the law and the evidence.

## II. The trial court abused its discretion because there is no evidence to support the order appointing a receiver.

Generally, a court abuses its discretion by acting without supporting evidence. *Elliott*, 396 S.W.3d at 228; *Krumnow*, 174 S.W.3d at 828. This is no less true in the context of an order appointing a receiver: "[N]o receiver can be appointed without the necessity therefor being shown to exist *by legal evidence*." *Hughes v. Marshall Nat'l Bank*, 538 S.W.2d 820, 824 (Tex. Civ. App.—Tyler 1976, writ dism'd w.o.j.) (emphasis added); *see Greater Fort Worth v. Mims*, 574 S.W.2d 870, 872 (Tex. App.—Fort Worth 1978, ) ("the appointment of a receiver will be reversed where no evidence supports it"). Further, the burden of proof falls on the party seeking the appointment of a receiver "to show the existence of circumstances justifying the appointment of a receiver." *Estate of Benson*, 2015 WL 5258702, at *5; *accord Elliott*, 396 S.W.3d at 230.

Movants in this case wholly failed to sustain their burden of proving any circumstances justifying the appointment of a receiver. *See Estate of Benson*, 2015 WL 5258702, at *5; *accord Elliott*, 396 S.W.3d at 230. In fact, not only did Movants fail to offer any evidence at all at the hearing on the Receivership Motion, Movants and Rogers repeatedly asserted that they were *not* offering evidence:

> MR. LEA (counsel for Movants): . . . None of this is evidence. I don't intend to offer anything in here as evidence. It's an aid for the Court.

*RR 63-64.*

> THE COURT:  Let me – and I apologize for having to interrupt, but just out of abundance of caution, are you suggesting to the Court that this should be an exhibit?

> MR. LEA:  No, Your Honor.

*RR 66.*

> MS. MOORE (counsel for Hazel Hoskins):  Your Honor, just so the record is clear, I don't mind Mr. Hartnett [counsel for Rogers] arguing, but I do object to the extent that the Court might consider any of this testimony or evidence. . . .

> THE COURT:  . . . I agree with you.  It's all argumentative and I don't consider any of it as evidentiary, but proceed.

> MS. MOORE:  Thank you.

> MR. HARTNETT, JR.:  Wasn't intended to be evidence . . . .

*RR 88-89.*

> THE COURT:  . . . I rule basically that you're right; he should not go into anything as factual.  That's simply an argumentative [sic].

> MR. HARTNETT, JR.:  We're just talking about argument here.

> MS. MOORE:  Just want to keep my record clean, Your Honor.

> MR. HARTNETT, JR.:  I'm not beginning to suggest that I give any evidence here . . . .

*RR 115-16.*

The lack of evidence is also implicitly recognized in the trial court's order, which states that the court "considered the motion, the responses thereto, and the argument of counsel."  *CR 483.  See Parks v. Developers Sur. & Indem. Co.*, 302 S.W.3d 920, 923 (Tex. App.—Dallas 2010, no pet.) (recitals contained in judgment

11

are presumed true unless there is a conflict between the judgment and record); *Alcantar v. Oklahoma Nat'l Bank*, 47 S.W.3d 815, 823 (Tex. App.—Fort Worth 2001, no pet.) (same).

Because no evidence was offered or admitted to support the Receivership Motion, Movants failed to sustain their burden of proof. *See Estate of Benson*, 2015 WL 5258702, at *5; *Elliott*, 396 S.W.3d at 230. Because Movants failed to sustain their burden of proof, the trial court abused its discretion by granting the motion and appointing a receiver. *See Elliott*, 396 S.W.3d at 228; *Krumnow*, 174 S.W.3d at 828. And, because the trial court abused its discretion, this Court should vacate the order appointing a receiver. *See Spiritas*, 459 S.W.3d at 231; *Elliott*, 396 S.W.3d at 228.

## III. The trial court abused its discretion because the receivership is not authorized under the Texas Trust Code.

The only provision of law specifically addressed in the Receivership Motion, and the only statute referenced at the hearing to support the motion, is section 114.008 of the Texas Trust Code. *CR 373; RR 67* ("Property Code . . . Section 114.008, . . . that's the statutory legal authority for this request"). Section 114.008 authorizes a court to "appoint a receiver to take possession of the trust property and administer the trust" only "[t]o remedy a breach of trust that has occurred or might occur." TEX. PROP. CODE § 114.008(a)(5). "A breach of trust occurs when a trustee breaches his statutory or common law fiduciary duty." *Estate of Benson*,

12

2015 WL 5258702, at *6.

In the Receivership Motion, Movants acknowledge the statutory "breach of trust" requirement and then promptly demonstrate that it is not satisfied in this case:

> Movants have no complaint with either of the current Trustees, and do not ask the Court to remove either Trustee or to replace either of them with the Receiver. Rather, Movants ask the Court to explicitly authorize the Receiver to work together with the current Trustees.

*CR 374.*

The very motion that seeks appointment of a receiver establishes that there is no ground for appointing a receiver under section 114.008. Not only do Movants fail to identify any "breach of trust that has occurred or might occur," they unequivocally take the position that the current Trustees have *not* committed any breach of trust and pose no threat of committing one in the future. *See CR 374*; TEX. PROP. CODE § 114.008(a). And, while Movants allude to "claims and causes of action of the Trusts," they do not state what any such claims or causes of action may be, nor do they identify against whom any such claims or causes of action may lie.[6] *See CR 373-74.*

Particularly absent from the Receivership Motion is any allegation of

---

[6] "There might be claims out there somewhere but we don't know what they are" appears to be the theme of the current litigation. The Dependent Administratrix has taken the same approach in her request for declaratory judgment. *See CR 327-29, 385-88.*

13

"breach of trust" by Hazel during the time she acted as trustee of the Trusts.[7] But even if Movants had made any such allegation, the motion would be insufficient to support appointment of a receiver under section 114.008. It is clear from section 114.008 as a whole that it is intended to "remedy a breach of trust" by a *current* trustee. Thus, the actions a court is authorized to take under that statute include compelling or enjoining the trustee, suspending or removing the trustee, reducing or denying the trustee's compensation, or appointing a receiver to act for the trustee. *See* TEX. PROP. CODE § 114.008(a). Each of these remedial actions logically applies only against one who is currently acting as trustee.

As recognized in the Receivership Motion, Hazel has been replaced as trustee of both Trusts. *CR 374.* She no longer has any authority over the Trusts' assets. Appointing a receiver will not "remedy" any alleged past breach of trust by Hazel, nor will it prevent any future breach of trust by Hazel because she is not in a position to commit any such future breach.

The trial court's appointment of a receiver does not comply with the clear requirements of section 114.008 of the Texas Trust Code. Insofar as the court appointed the receiver pursuant to that statute, it committed an abuse of discretion and its order should be vacated. *See Elliott*, 396 S.W.3d at 228 (clear failure to

---

[7] Movants belatedly alleged breach of fiduciary duties by Hazel in their post-hearing letter brief to the trial court. *CR 465*. They asked the court to consider the letter as a "supplement" to the Receivership Motion, *CR 463*, but there is no indication in the record that the court granted that request. In fact, the court's order states that it the court considered "the motion" without reference to any supplement. *CR 477*.

14

properly apply the law is an abuse of discretion).

## IV. The trial court abused its discretion because the receivership is not authorized under chapter 64 of the Civil Practice and Remedies Code.

### A. No Trust assets are in danger of being lost, removed, or materially injured.

The Receivership Motion generally invokes chapter 64 of the Civil Practice and Remedies Code, but does not specify what particular portion of that chapter applies.[8] *See CR 373.* The only provisions that could even potentially apply are subsections (a)(3) and (a)(6) of section 64.001. Those subsections provide:

> (a) A court of competent jurisdiction may appoint a receiver: . . .
>
> (3) in an action between partners or others jointly owning or interested in any property or fund; . . .
>
> (6) in any other case in which a receiver may be appointed under the rules of equity.

TEX. CIV. PRAC. & REM. CODE § 64.001(a)(3), (6).

A party seeking appointment of a receiver under subsection (a)(3) must establish "a probable interest in or right to the property or fund," and that "the property or fund [is] in danger of being lost, removed, or materially injured." *Id.* at § 64.001(a)(3); *see Gunther v. Dorff*, 296 S.W.2d 638, 639-40 (Tex. Civ. App.—Waco 1956, writ dism'd) (applying predecessor statute).

---

[8] After expressly informing the court in the hearing that the Receivership Motion was based on Property Code section 114.008, *RR 67*, Movants belatedly attempted to invoke section 64.001 in their post-hearing letter brief to the trial court. *CR 465.* Although Cliff and Hoskins, Inc. address section 64.001 in an abundance of caution, the Court should not consider this statute as supporting the Receivership Motion for the reasons stated in footnote 7 above.

15

Movants, having presented no evidence in support of the Receivership Motion, did not sustain their burden of establishing "a probable interest in or right to" the assets of either Trust. They also did not sustain their burden of establishing that any property or fund was "in danger of being lost, removed, or materially injured." *See* TEX. CIV. PRAC. & REM. CODE § 64.001(a)(3). On the contrary, the Receivership Motion and the arguments made in support of that motion demonstrate that there is *no danger* of any Trust assets being lost, removed, or materially injured. Not only do Movants profess confidence in the current trustees, the only Trust assets they have identified are purported claims against Hazel and "others."[9] Being incorporeal in nature, those purported claims are not capable of being "lost, removed, or materially injured." *See* TEX. CIV. PRAC. & REM. CODE § 64.001(a)(3); *see Hughes*, 538 S.W.2d at 824.

Movants may argue that the claims may be "lost" by the running of limitations if the Trustees do not timely pursue them. But, as discussed below, if the Trustees cannot or will not pursue the claims, the Trust beneficiaries have the legal right to pursue them on their own. *See Grinnell v. Munson*, 137 S.W.3d 706, 714 (Tex. App.—San Antonio 2004, no pet.). Thus, any claims in which Movants may have an interest are in danger of being "lost" only if Movants themselves fail

---

[9] The Marital Deduction Trustee has determined that the Marital Deduction Trust has no claims. *CR 472* ("The Trustee of the Residuary Estate is clearly the owner of all assets and claims . . . .").

to timely exercise their legal rights.

Finally, the court's order cannot be sustained under section 64.001(a)(3) even if there were any evidence that the unidentified claims were in danger of being lost. The court did not authorize the receiver to take possession of those claims. Rather, the receiver is authorized only to review certain documents and determine what Estate assets should have been distributed to each Trust as well as the current location, ownership, and approximate fair market value of each asset. *CR 477-78*. The receiver has no authority to file any litigation on behalf of either Trust. *CR 478. See Hughes*, 538 S.W.2d at 824 (receiver appointed over books and business records, not underlying assets; no evidence of any danger of books or records being lost, removed, or materially injured).

The trial court's appointment of a receiver does not comply with the clear requirements of section 64.001(a)(3). Insofar as the court appointed the receiver pursuant to that statute, it committed an abuse of discretion and its order should be vacated. *See Elliott*, 396 S.W.3d at 228 (clear failure to properly apply the law is an abuse of discretion).

**B.      Section 64.001(a)(6) is not available to support appointing a receiver in this case.**

Movants' request under section 64.001(a)(6) (assuming such a request was made) fails for two reasons. *See* TEX. CIV. PRAC. & REM. CODE § 64.001(a)(6). First, that section is not available to Movants in the circumstances of this case.

17

And, second, equity supports *denying* the Receivership Motion.

Section 64.001 lists five specific instances in which a court may appoint a receiver. TEX. CIV. PRAC. & REM. CODE § 64.001(a)(1)-(5). "An additional provision authorizes a receiver "in *any other case* in which a receiver may be appointed under the rules of equity." *Mueller v. Beamalloy, Inc.*, 994 S.W.2d 855, 861 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (emphasis in original). "In authorizing a receiver in any *other* case, subsection (a)[(6)][10] applies to instances *beyond* those listed in subsections (a)(1) through (a)[(5)]." *Id.* (double emphasis in original).

As discussed above, one of the specific circumstances in which section 64.001 authorizes appointment of a receiver is "in an action between partners or others jointly owning or interested in any property or fund." TEX. CIV. PRAC. & REM. CODE § 64.001(a)(3). That is the situation alleged by Movants—that they and other Trust beneficiaries jointly own or are interested in Trust property. But appointing a receiver is improper under that section because Movants did not prove that any Trust property is in danger of being lost, removed or materially injured. Even so, the *situation* is covered by section 64.001(a)(3). Allowing the appointment of a receiver under the general rubric of equity is tantamount to

---

[10] The statute in effect at the time listed six specific circumstances justifying appointment of a receiver; equity was the seventh. *See Mueller*, 994 S.W.2d at 861. The statute now lists five specific circumstances; equity is the sixth. TEX. CIV. PRAC. & REM. CODE § 64.001(a).

18

reading the "lost, removed, or materially injured" requirement out of the statute—a result this Court should not condone.

As recognized by the *Mueller* court, the "equity" provision of section 64.001(a)(6) applies only to situations *beyond* sections (a)(1) through (a)(5). ." *Mueller*, 994 S.W.2d at 861. This case falls within section (a)(3). Movants' failure to sustain their burden of proof under that section does not justify permitting them to invoke broader principles of equity. It means only that appointing a receiver is not appropriate or authorized in this case. *See id.*

### C. Equity does not support appointing a receiver because it might be "efficient."

In any event, even applying equitable principles, appointing a receiver in this case is an abuse of discretion. The only justification for appointing a receiver stated in the Receivership Motion is that "[n]either Trustee currently has funds with which to pay counsel to prosecute the claims and causes of action of the Trusts." *CR 374*. And the justification argued at the hearing on that motion was simply that appointing a receiver would be "efficient":

> MR. LEA: . . . Why should you recognize [Rogers] as the Receiver to prosecute these claims and causes of action? Because, as you can see, there are too many lawyers in the room to count for too many parties. Efficiency . . . . The trustees, in my view, don't have the resources that they need to prosecute the claims and causes of action in this complicated mess. The Receiver does.[11]

---

[11] As is discussed below, Rogers has resources because he was being paid by Len, one of the parties.

*RR 70-71; see*, *e.g.*, *RR 71* (arguing scheduling is easier with one receiver instead of many parties), *72* (arguing that the Trustees lack resources), *80* ("It's the most efficient way for those claims and causes of action to go forward."), *81* (arguing that future hearings could be "between 6 attorneys rather than 13"), *83* ("we can cut down the involvement of several people  in this by having one person pursue any claims").

In essence, Movants allege that the Trustees either cannot, or will not, prosecute unidentified claims (if any such claims exist) against unidentified defendants to redress unidentified harm to one or both Trusts.  In addition, they assert that appointing a receiver will make the case easier procedurally, without regard for whether the conflicting interests of the parties are adequately protected. Equity neither requires nor supports appointing a receiver for these reasons.

"A beneficiary is authorized to enforce an action when the trustee cannot or will not enforce it."  *Grinnell v. Munson*, 137 S.W.3d 706, 714 (Tex. App.—San Antonio 2004, no pet.) (citing *Interfirst Bank-Houston, N.A. v. Quintana Petro. Corp.*, 699 S.W.2d 864, 874 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.)).  So, if the Trustees lack either the funds or the willingness to prosecute the unidentified claims, the Trust beneficiaries may prosecute those claims themselves. Appointing a receiver, whose fees will be paid out of the Estate, in addition to two Trustees, who will also be seeking compensation for their services, is an

unnecessary and inequitable drain on Estate and Trust assets. It is hard to imagine that this is the use to which Cowboy contemplated his property would be put.

In addition, it is clear from the record of this case as a whole that the Trust beneficiaries have conflicting interests. No one person can be appointed to fairly represent all of those interests. Indeed, attempting to do so would likely result in additional litigation, either among the beneficiaries or by certain beneficiaries against the Trustees or receiver for breach of fiduciary duties.

**D.    Equity does not support appointing a receiver for purposes not requested by any party.**

Finally, equity does not support the particular receivership order signed by the trial court. Movants requested that the court appoint a receiver for a particular purpose—"to assert and prosecute causes of action on behalf of the current Trustees . . . ." *CR 374.* The court's order, however, specifically declines to give the receiver that authority:

> The Trustee of the Marital Deduction Trust and the Trustee of the Residuary Trust shall determine the viability of pursuing litigation to recover assets that should have been distributed to his respective Trust.

> Additional authority for the Receiver to file litigation to recover assets on behalf of one or both of the Trustees will require further order of the Court.

*CR 478.*

The only authority granted to the receiver is to "prepare a written report," using information contained in an existing Estate inventory, an existing tax return,

21

and an existing final accounting. *CR 477-78.* The receiver is then to determine which assets should have been distributed to which Trust, and the current location, ownership, and approximate fair market value of each such asset. *CR 477-78.* Given that all the receiver is empowered to do is to analyze existing documents in light of Cowboy's will, there is no equitable reason whatsoever for his appointment. The court has simply succeeded in blessing the Dependent Administratrix's and Trustees' abdication of their responsibilities and adding one more financial drain on the Estate and Trust assets. *See Interfirst Bank-Houston,* 699 S.W.2d at 874 (it is the responsibility of the testamentary trustee to assure all property willed into trust is properly conveyed by the executor of the estate).

Movants allege that the current Trustees are unable to prosecute claims on behalf of the Trusts. Neither Movants nor any other party has demonstrated that the current Trustees, or the Dependent Administratrix, are unable to sit down with the documents and determine whether any such claims even exist. It is wholly unnecessary, in law or in equity, to bring in a third person to accomplish what may be accomplished by those who already bear the legal burden of protecting the Estate and Trust assets.

Had the trial court properly applied principles of equity, it would have ordered the Dependent Administratrix and the Trustees to either do what they were appointed to do or step down. The trial court's appointment of a receiver does not

comply with principles of equity. Insofar as the court appointed the receiver pursuant to section 64.001(a)(6), it committed an abuse of discretion and its order should be vacated. *See Elliott*, 396 S.W.3d at 228 (clear failure to properly apply the law is an abuse of discretion).

## V. The trial court abused its discretion because the receivership is not authorized under the common law.

In the Receivership Motion, "Movants invoke the rights and remedies on appointment of a receiver under . . . common law." *CR 373*. They do not, however, identify the common law to which they refer. Assuming the reference is to common law principles of equity, their argument fails for the reasons stated above.

## VI. The trial court abused its discretion by appointing an individual whose fees were paid by one of the parties.

"To be appointed as a receiver for property that is located entirely or partly in this state, a person must: . . . not be a . . . person interested in the action for appointment of a receiver." TEX. CIV. PRAC. & REM. CODE § 64.021(a)(2). Thus, a receiver must be "an indifferent person, between the parties to a cause," and "disinterested in the outcome of the case." *Wiley v. Sclafani*, 943 S.W.2d 107, 110 (Tex. App.—Houston [1st Dist.] 1997, no pet.). In other words, "[a] receiver is appointed to receive and preserve the property for the benefit of *all* parties interested in the property." *Krumnow*, 174 S.W.3d at 828 (emphasis added); *see*

23

*Zanes v. Mercantile Bank & Trust Co.*, 49 S.W.2d 922, 928 (Tex. Civ. App.—Dallas 1932, writ ref'd).

Marcus Rogers, the individual appointed by the trial court, is not disinterested, indifferent, or unbiased. Rogers was appointed by an arbitrator in a separate dispute brought by Len Hoskins against Hazel, Cliff, and Hoskins, Inc. *CR 15.* At the time Rogers was appointed, Cliff and Hoskins, Inc. had already been dismissed from the proceeding and therefore had no opportunity to object to his appointment. *See Hoskins*, 2014 WL 5176384, at *2.* Rogers has since continued to interject himself into the current litigation, despite having no authority to do so (until the trial court signed the order from which this appeal is taken).

Rogers has admittedly been receiving payments from one of the parties to this litigation—Len Hoskins—since he was appointed by the arbitrator. *CR 116.*[12] Movants contend that the arbitrator's order directs Len to pay Rogers' fees. *CR 15-16.* But the fees and expenses Rogers has been accumulating—and Len has been paying—have not been incurred in the course of exercising any receivership authority in the arbitration proceeding. In fact, that proceeding has been abated since November 12, 2013. *CR 90.* Rogers and Len are simply piggy-backing on the arbitrator's order to inject Rogers into this proceeding despite his clear financial interest in aligning himself with Len (and Len's children).

---

[12] Rogers, as receiver, has retained *two* law firms to represent him in this matter. *See RR 2.*

## CONCLUSION AND PRAYER

The trial court's "Order Appointing Receiver" should be vacated because (1) it is not supported by any evidence; (2) it is not supported by any provision of law or equity); and (3) Marcus Rogers is disqualified to act as receiver in this case.

WHEREFORE, Colonel Clifton Hoskins and Hoskins, Inc. respectfully request that this Court vacate the trial court's "Order Appointing Receiver" and that they have such further relief to which they are entitled.

Respectfully submitted,

DYKEMA COX SMITH
Ellen B. Mitchell
State Bar No. 14208875
emitchell@dykema.com
C. David Kinder
State Bar No. 11432550
dkinder@dykema.com
Melanie L. Fry
State Bar No. 24069741
mfry@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395


By: /s/ Ellen B. Mitchell
       Ellen B. Mitchell

*Attorneys for Colonel Clifton Hoskins and Hoskins, Inc.*

25

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies this brief complies with the type-face and length requirements of amended rule 9.4 of the Texas Rules of Appellate Procedure. Exclusive of the exempted portions stated in amended rule 9.4(i)(1), the brief contains 5,606 words, as calculated by Microsoft Word 2010, the program used to prepare this document.

/s/ Ellen B. Mitchell
Ellen B. Mitchell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing First Amended Brief of Appellants Colonel Clifton Hoskins and Hoskins, Inc. has been forwarded to all counsel and parties of record, listed below, by U.S. Mail, on this 10th day of November, 2015.

David C. Bakutis/R. Dyann McCully
BAKUTIS, MCCULLY & SAWYER, P.C.
500 West Seventh Street, Suite 725
Fort Worth, Texas 76102
dbakutis@lawbms.com
dmccully@lawbms.com
*Attorneys for Dependent Administratrix With Will Annexed*
*of the Estate of Lee Roy Hoskins, Sr., Deceased*

Joyce W. Moore
Chris Hodge
LANGLEY & BANACK, INC.
745 East Mulberry Avenue, Suite 900
San Antonio, Texas 78212
jwmoore@langleybanack.com
chodge@langleybanack.com
*Attorneys for Hazel Q. Hoskins*

Mark Comuzzie
Julia W. Mann
JACKSON WALKER, LLP
112 East Pecan Street, Suite 2400
San Antonio, Texas 78205
mcomuzzie@jw.com
jmann@jw.com
*Attorneys for William Rex Hoskins*

David L. Ylitalo
YLITALO LAW FIRM
319 Maverick Street
San Antonio, Texas 78212
d.ylitalo@ylitalolaw.com
*Attorneys for Leonard K. Hoskins*

Marcus P. Rogers
LAW OFFICES OF MARCUS P. ROGERS, P.C.
2135 East Hildebrand Avenue
San Antonio, Texas  78209
mpr2222@aol.com
*Receiver*

Glen A. Yale
Ragan Robichaux
YALE LAW FIRM, P.C.
2135 East Hildebrand Avenue
San Antonio, Texas  78209
glenyale@yalelawfirm.com
r.robichaux.yalelawfirm@gmail.com
*Attorneys for Marcus P. Rogers, Receiver*

James Hartnett, Jr.
THE HARTNETT LAW FIRM
220 North Peal Street
Dallas, Texas  75201-7315
jim@hartnettlawfirm.com
*Attorneys for Marcus P. Rogers, Receiver*

George P. "Trace" Morrill, III
MORRILL & MORRILL, PLLC
309 North Washington Street
Beeville, Texas  78102
trace_morrill@me.com
*Trustee of the Residuary Trust*

Royal B. Lea, III
BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas  78212
royal@binghamandlea.com
*Attorneys for Southwest Ranching, Inc., Lee Roy Hoskins, Jr., Lee Roy Hoskins, III, Andrea Clare Jurica, and Lee Ann Hoskins Kulka*

Brendan C. Holm
David W. Navarro
HORNBERGER FULLER & GARZA
The Quarry Heights Building
7373 Broadway, Suite 300
San Antonio, Texas 78209
bholm@hfgtx.com
dnavarro@hfgtx.com
*Attorneys for Brent C. Hoskins*

Ezra A. Johnson
UHL, FITZSIMONS, JEWETT & BURTON, PLLC
4040 Broadway, Suite 430
San Antonio, Texas 78209
ejohnson@ufjblaw.com
*Attorneys for Blake Hoskins*

Joe L. Carter, Jr.
The Petroleum Center
4657-C1 Business 181-N
Beeville, Texas 78102
joe@joecarter.biz
*Trustee of the Marital Trust*

Kevin P. Kennedy
ATTORNEY AT LAW
1920 Nacogdoches Road, Suite 100
San Antonio, Texas 78209-2241
kpk@texas.net
*Attorney for Joe Carter, Trustee of the Marital Trust*

/s/ Ellen B. Mitchell
Ellen B. Mitchell

29

6352976.1

# APPENDIX

Defendants Colonel Clifton Hoskins and Hoskins, Inc.'s
    Motion to Vacate Order Appointing Receiver
    and Motion to Dismiss (without exhibits) ....................................................Tab A

Order Appointing Receiver..............................................................................Tab B

Motion by Lee Roy Hoskins, III, Andrea Clare Jurica,
    and Lee Ann Hoskins Kulka for Order Appointing
    Marcus Rogers as Receiver..........................................................................Tab C

30

# Exhibit A

CAUSE NO. 1785

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| LEE ROY HOSKINS, SR., | § | |
| | § | |
| DECEASED | § | LIVE OAK COUNTY, TEXAS |

---

**DEFENDANTS COLONEL CLIFTON HOSKINS and HOSKINS, INC.'S
MOTION TO VACATE ORDER APPOINTING RECEIVER
and MOTION TO DISMISS**

---

TO THE HONORABLE JUDGE OF THE COURT:

Colonel Clifton Hoskins ("Cliff") and Hoskins, Inc. file this motion (1) to vacate the

Court's previously-entered Order Appointing Receiver, and (2) to dismiss parties who no longer

have any justiciable interest in this controversy. These requests arise from the death of Hazel

Hoskins and the resulting termination of the trusts that were the subject of the receivership.

**BACKGROUND**

**I. Lee Roy Hoskins, Sr. creates two testamentary trusts.**

Lee Roy Hoskins, Sr. ("Cowboy") created two testamentary trusts—the Marital

Deduction Trust and the Residuary Trust (collectively, "Trusts")—primarily for the benefit of his

wife, Hazel Hoskins. *Tab A* at §§ IV, VI. Other than certain specific bequests to Hazel,

Cowboy's entire Estate passed into these Trusts. *See Tab A.*

**II. The Court appoints a receiver for the Trusts.**

In April, 2015, Lee Roy Hoskins, III, Andrea Clare Jurica, and Lee Ann Hoskins Kulka

("Movants") filed a motion asking the Court to appoint Marcus Rogers as receiver of the assets

of the Trusts ("Receivership Motion"). Movants are three of Cowboy's grandchildren.

This Court held a hearing on the Receivership Motion on July 15, 2015. On October 1,

2015, the Court signed an order appointing Marcus Rogers "as Receiver for the Marital Deduction Trust and the Residuary Trust created under the will of Lee Roy Hoskins, Sr. dated July 20, 1982 (the 'Will')."

## III.    The Trusts terminate.

The Will provides that the Marital Deduction Trust shall terminate upon the death of Hazel Hoskins.  Further,

> [u]pon termination, any net income of the Trust Estate which has not been distributed to [Hazel] shall be distributed to her personal representative as a part of her general probate estate.  The corpus of the Trust Estate shall be delivered and distributed in fee simple and free of trust to my descendants, per stirpes, who survive the last to die of myself and [Hazel], subject to the provisions of Section VII hereof.[1]

*Tab A* at § IV(c).

The Will similarly provides that the Residuary Trust shall terminate upon Hazel's death. At that time,

> all of the assets and property comprising [the Residuary Trust] shall be delivered and distributed in fee simple and free of trust to my descendants, per stirpes, who survive the last to die of myself and [Hazel], subject  to the provisions of Section VII.

*Tab A* at § VI(c).

Hazel Hoskins died on October 26, 2015.[2]  Both Trusts terminated at that time, according to their terms.  *See Tab A* at §§ IV(c), VI(c).  It is undisputed that Cowboy's descendants are his three sons—Lee Roy Hoskins, Jr., Cliff Hoskins, and Len Hoskins—all of whom have survived both Cowboy and Hazel.

---

[1] Section VII concerns distributions to minor descendants of a deceased child and has no bearing on the issues presented in this motion.

[2] The fact of Hazel Hoskins' death is uncontested.  Cliff Hoskins and Hoskins, Inc. will provide the Court with a certified copy of her death certificate as soon as possible.

## ARGUMENT AND AUTHORITIES

### I. Termination of the Trusts moots the appointment of the Receiver.

The Court appointed Marcus Rogers "as Receiver for the Marital Deduction Trust and the Residuary Trust." Those Trusts terminated upon Hazel's death. *Tab A* at §§ IV(c), VI(c); *see* TEX. PROP. CODE § 112.052 (termination of trust upon happening of certain event). Upon termination, the Trust assets automatically vested in the Trust beneficiaries. *See Kellner v. Kellner*, 419 S.W.3d 541, 546 (Tex. App.—San Antonio 2013, pet. denied); *Sorrel v. Sorrel*, 1 S.W.3d 867, 870-71 (Tex. App.—Corpus Christi 1999, no pet.).

There are, therefore, no Trusts for which Marcus Rogers can act as receiver. In addition, insofar as there remains a duty to distribute Trust assets or wind up the Trusts' affairs, the Court's order does not delegate that authority or obligation to Rogers; that duty remains instead with the Trustees. *See Tab B* (authorizing Rogers only to prepare and present a report).

The Court's order appointing Rogers as receiver of the Trusts should be vacated as moot.

### II. Termination of the Trusts deprives certain parties of any justiciable interest in this case.

#### A. Parties to a declaratory judgment must have a justiciable interest in the controversy.

"A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995); *Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). A justiciable controversy exists only if there is "a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Bonham State Bank*, 907 S.W.2d at 467. Stated another way, there must be a substantial controversy of "immediacy and reality." *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011).

3

The Dependent Administratrix of Cowboy's Estate filed a declaratory judgment action naming as parties Cowboy's children and grandchildren, both Trusts, and two family businesses. The underlying controversy concerns the possible existence and prosecution of unidentified claims affecting the assets of the Trusts. Therefore, to be a proper party to this proceeding, a party must have a justiciable interest in those assets.

**B.     The Dependent Administratrix, the Trustees and Cowboy's grandchildren no longer have any justiciable interest in this controversy.**

As demonstrated above, the Trusts terminated according to their terms upon Hazel's death. At that time, the Trust assets—including any claims the Trust may have owned— automatically vested in the Trust beneficiaries. *See Kellner*, 419 S.W.3d at 546; *Sorrel*, 1 S.W.3d at 870-71. Further, "[u]pon termination, the trustees retained only the powers necessary to wind up the affairs of the trust or to distribute the trust property in accordance with the terms of the trust." *Sorrel*, 1 S.W.3d at 870. The Trustees, now lacking any power to pursue claims on behalf of either Trust, also lack any justiciable interest in the Trust assets or this controversy. For the same reasons, the Dependent Administratrix also lacks a justiciable interest in the Trust assets or this controversy.

In addition, none of Cowboy's grandchildren has any justiciable interest in this controversy because each of Cowboy's sons survived Hazel. *See Tab A* at §§ IV(c), VI(c). The Trust beneficiaries are therefore conclusively established to be Cowboy's sons, to the exclusion of his grandchildren. The grandchildren therefore have no claim to or interest in the Trust assets.

**C.     Lee Roy Hoskins, Jr. disclaimed any interest in the Trusts or his parents' estates.**

Pursuant to the 2002 Settlement Agreement approved by the United States Bankruptcy Court for the Southern District of Texas, Lee Roy Hoskins, Jr. and his family disclaimed any

4

interest in Cowboy's Estate, the Trusts, and Hazel's Estate. *Tab C* at §§ (j), (k), (t). Lee Roy, Jr. and his children therefore lack any justiciable interest in the Trust assets or this controversy.

> **D.  The Court should dismiss the parties who lack a justiciable interest in the controversy.**

For the reasons stated above, the following parties lack a justiciable interest in this controversy and should be dismissed: George P. "Trace" Morrill, III; Joe L. Carter, Jr.; Lee Roy Hoskins, Jr.; Lee Roy Hoskins, III; Andrea Clare Jurica; Lee Ann Hoskins Kulka; William Rex Hoskins; Brent C. Hoskins; and Blake Hoskins. The Court should also dismiss the declaratory judgment action filed by R. Dyann McCully, as Dependent Administratrix of the Estate of Lee Roy Hoskins, Sr., because Cowboy's Estate lacks a justiciable interest in the matters about which declarations are sought.

**III.  Any claims Len might assert against Cliff or Hoskins, Inc. are barred by res judicata.**

The only parties to this action with any justiciable interest in the assets of the Trusts are Hazel's Estate, Cliff Hoskins, and Len Hoskins. Hoskins, Inc. and Southwest Ranching, Inc. have an interest only to the extent that Hazel's Estate, Cliff, or Len alleges that either entity holds assets that properly belong to one of the Trusts.

Neither Hazel's Estate nor Cliff have alleged any wrongdoing by, or asserted any claim against, each other, Hoskins, Inc., or Southwest Ranching, Inc. And, as demonstrated below, Len is barred by res judicata from asserting against Cliff or Hoskins, Inc. any claim arising from the 2002 Settlement Agreement or the February 19, 2004 sale of the 1,355.42-acre Tilden Ranch.

An arbitration award has the same preclusive effect as a court judgment. *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 270 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). A court judgment has preclusive effect even if it is the subject of a pending appeal. *Id.* (citing *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986). Thus,

an arbitration award has preclusive effect even if it is the subject of a pending appeal. *Id.*

The arbitration award in favor of Cliff and Hoskins, Inc. was confirmed by the trial court and that confirmation was affirmed by the Fourth Court of Appeals. *Tab D; Tab E; Hoskins v. Hoskins*, No. 04-13-00859-CV, 2014 WL 5176384 (Tex. App.—San Antonio Oct. 15, 2014, pet. filed). Len has filed a petition for review in the Supreme Court of Texas but, even so, the arbitration award is final for res judicata and collateral estoppel purposes. *See Tanox, Inc.*, 105 S.W.3d at 270.

Res judicata bars parties and their privies from relitigating matters that were or should have been litigated in a prior proceeding. *Compania Financiara Libano, S.A. v. Simmons*, 53 S.W.3d 365, 367 (Tex. 2001); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex. 1992). It encompasses three elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

Len was a party to the arbitration proceeding and asserted claims against Cliff and Hoskins, Inc. arising from alleged breaches of the 2002 Settlement Agreement and the conveyance of certain real property interests that Len alleged belonged to the Trusts. The arbitration proceeding resulted in a final, confirmed, and affirmed award that dismissed all of Len's claims against Cliff and Hoskins, Inc., and all of his claims concerning the sale of the Tilden Ranch. *Tab D; Tab E. See Hoskins*, 2014 WL 5176384, at *1-2. Len is therefore barred by res judicata from reasserting those claims—or any other claims against Cliff or Hoskins, Inc. that could have been raised in arbitration—in this proceeding. *See Amstadt*, 919 S.W.2d at 652.

6

In summary, only Hazel's Estate, Cliff, and Len have any justiciable interest in the assets of the Marital Deduction Trust or the Residuary Trust, including any claims those Trusts may have owned. Neither Hazel's Estate nor Cliff have asserted, or indicated any intention to assert, any claim against Cliff or Hoskins, Inc. concerning Trust assets. Len is precluded by law from asserting any such claims against Cliff or Hoskins, Inc. The Court should, therefore, dismiss Cliff and Hoskins, Inc. as parties to this proceeding.

## CONCLUSION AND PRAYER

The Marital Deduction Trust and the Residuary Trust that were the subject of the Court's receivership order terminated as a result of Hazel Hoskins' death. The Order Appointing Receiver is therefore moot and should be vacated. In addition, the Trustees of the terminated Trusts no longer have any justiciable interest in this controversy and should be dismissed as parties. The Dependent Administratrix similarly lacks a justiciable interest in the matters that are the subject of her declaratory judgment action; that action should be dismissed.

Also as a result of Hazel Hoskins' death (and Lee Roy Hoskins, Jr.'s disclaimer), those to whom the Trust assets are to be distributed have been definitely identified as Hazel Hoskins' Estate, Cliff Hoskins, and Len Hoskins. The remaining individual parties no longer have any justiciable interest in this controversy and should be dismissed as parties.

Finally, Cliff Hoskins and Hoskins, Inc. have not asserted any claims in this proceeding and no claims have been asserted against them. Hazel Hoskins' Estate has not indicated any intent to assert any such claims, and Len Hoskins is precluded by law from asserting any such claims. The Court should dismiss Cliff Hoskins and Hoskins, Inc. as parties.

WHEREFORE, Colonel Clifton Hoskins and Hoskins, Inc. respectfully request that this Court:

7

1. vacate the "Order Appointing Receiver";

2. dismiss from this proceeding Colonel Clifton Hoskins; Hoskins, Inc.; George P. "Trace" Morrill, III; Joe L. Carter, Jr.; Lee Roy Hoskins, Jr.; Lee Roy Hoskins, III; Andrea Clare Jurica; Lee Ann Hoskins Kulka; William Rex Hoskins; Brent C. Hoskins; and Blake Hoskins;

3. dismiss the declaratory judgment action brought by R. Dyann McCully, as Dependent Administratrix of the Estate of Lee Roy Hoskins, Sr.; and

4. grant such further relief to which Colonel Clifton Hoskins and Hoskins, Inc. are entitled.

Respectfully submitted,

DYKEMA COX SMITH
Ellen B. Mitchell
State Bar No. 14208875
emitchell@dykema.com
C. David Kinder
State Bar No. 11432550
dkinder@dykema.com
Melanie L. Fry
State Bar No. 24069741
mfry@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

By: *Ellen B. Mitchell*
      Ellen B. Mitchell

*Attorneys for Colonel Clifton Hoskins
and Hoskins, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel and parties of record, listed below, by Certified Mail, Return Receipt Requested, on this the 5th day of November, 2015.

David C. Bakutis
R. Dyann McCully
BAKUTIS, MCCULLY & SAWYER, P.C.
500 West Seventh Street, Suite 725
Fort Worth, Texas 76102
dbakutis@lawbms.com
dmccully@lawbms.com
*Attorneys for Dependent Administratrix With Will Annexed of the Estate of Lee Roy Hoskins, Sr., Deceased*

Joyce W. Moore
Chris Hodge
LANGLEY & BANACK, INC.
745 East Mulberry Avenue, Suite 900
San Antonio, Texas 78212
jwmoore@langleybanack.com
chodge@langleybanack.com
*Attorneys for Hazel Q. Hoskins*

Mark Comuzzie
Julia W. Mann
JACKSON WALKER, LLP
112 East Pecan Street, Suite 2400
San Antonio, Texas 78205
mcomuzzie@jw.com
jmann@jw.com
*Attorneys for William Rex Hoskins*

Royal B. Lea, III
BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
royal@binghamandlea.com
*Attorneys for Southwest Ranching, Inc., Lee Roy Hoskins, Jr., Lee Roy Hoskins, III, Andrea Clare Jurica, and Lee Ann Hoskins Kulka*

9

David L. Ylitalo
COATS ROSE, P.C.
1020 Northeast Loop 410, Suite 800
San Antonio, Texas 78209
dylitalo@coatsrose.com
*Attorneys for Leonard K. Hoskins*

Marcus P. Rogers
LAW OFFICES OF MARCUS P. ROGERS, P.C.
2135 East Hildebrand Avenue
San Antonio, Texas 78209
mpr2222@aol.com
*Receiver*

Glen A. Yale
Ragan Robichaux
YALE LAW FIRM, P.C.
2135 East Hildebrand Avenue
San Antonio, Texas 78209
glenyale@yalelawfirm.com
r.robichaux.yalelawfirm@gmail.com
*Attorneys for Marcus P. Rogers, Receiver*

James Hartnett, Jr.
THE HARTNETT LAW FIRM
220 North Peal Street
Dallas, Texas 75201-7315
jim@hartnettlawfirm.com
*Attorneys for Marcus P. Rogers, Receiver*

George P. "Trace" Morrill, III
MORRILL & MORRILL, PLLC
309 North Washington Street
Beeville, Texas 78102
trace_morrill@me.com
*Trustee of the Residuary Trust*

Brendan C. Holm
David W. Navarro
HORNBERGER FULLER & GARZA
The Quarry Heights Building
7373 Broadway, Suite 300
San Antonio, Texas 78209
bholm@hfgtx.com
dnavarro@hfgtx.com
*Attorneys for Brent C. Hoskins*

Ezra A. Johnson
UHL, FITZSIMONS, JEWETT & BURTON, PLLC
4040 Broadway, Suite 430
San Antonio, Texas 78209
ejohnson@ufjblaw.com
*Attorneys for Blake Hoskins*

Joe L. Carter, Jr.
The Petroleum Center
4657-C1 Business 181-N
Beeville, Texas 78102
joe@joecarter.biz
*Trustee of the Marital Trust*

Kevin P. Kennedy
ATTORNEY AT LAW
1920 Nacogdoches Road, Suite 100
San Antonio, Texas 78209-2241
kpk@texas.net
*Attorney for Joe Carter, Trustee of the Marital Trust*


_Ellen B. Mitchell_
Ellen B. Mitchell

11

# APPENDIX

Last Will and Testament of Lee Roy Hoskins, Sr. ................................................................ Tab A

Order Appointing Receiver ...................................................................................................Tab B

2002 Settlement Agreement...................................................................................................Tab C

Final Arbitration Award Concerning Hoskins, Inc.
   and Colonel Clifton Hoskins.......................................................................................... Tab D

Judgment Confirming Arbitration Award..............................................................................Tab E

6419315.1

# Exhibit B

Cause No. 1785

| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| LEE ROY HOSKINS, SR., | § | OF |
| | § | |
| DECEASED | § | LIVE OAK COUNTY |

## ORDER APPOINTING RECEIVER

On the 15th day of July, 2015, came on to be heard the Motion of Lee Roy Hoskins, Jr., Lee Roy Hoskins, III, Andrea Clare Jurica, and Lee Ann Hoskins Kulka for an Order Appointing Marcus Rogers as Receiver. Having considered the motion, the responses thereto, and the argument of counsel, the court finds that the motion should be granted in part as follows:

IT IS THEREFORE ORDERED THAT:

1. Marcus Rogers is appointed as Receiver for the Marital Deduction Trust and the Residuary Trust created under the will of Lee Roy Hoskins, Sr. dated July 20, 1982 (the "Will").

2. Bond is set at $50,000.00.

3. The Receiver will be compensated for performing the tasks set forth herein at the rate of $250.00 per hour, to be paid by the Estate of Lee Roy Hoskins Sr. after approval of his fee application by the court.

4. The Receiver shall prepare a written report, utilizing the information contained on the Inventory filed for the Estate of Lee Roy Hoskins Sr.; the 706 Return filed for such Estate; and the Final Accounting filed by Hazel Hoskins in this cause, to determine, per the terms of the Will:

   (a) To the extent the information is available, which assets, if any, should have been distributed, from the Estate to the Marital Deduction Trust and/or to the Residuary

Trust; and

(b) To the extent the information is available, where each of the assets is currently located, the current ownership of such asset, and the approximate fair market value of each asset.

5. The Receiver shall serve a copy of the Report on the Dependent Administratrix of the Estate of Lee Roy Hoskins Sr., the Trustees of the Marital Deduction Trust and the Residuary Trust, and all other parties.

6. Following receipt of the Receiver's Report, the Dependent Administratrix shall file a Motion with the Court seeking authority to transfer the assets or claim for the assets to the Residuary Trust and/or Marital Deduction Trust (the "Motion"). Any party may file objections or responses to the Motion.

7. Any party may file written objections to the Receiver's report within fourteen (14) days following service of the Report. Such objections will be considered and ruled on by the Court at the hearing on the Administratrix's Motion.

8. The Trustee of the Marital Deduction Trust and the Trustee of the Residuary Trust shall determine the viability of pursing litigation to recover assets that should have been distributed to his respective Trust.

9. Additional authority for the Receiver to file litigation to recover assets on behalf of one or both of the Trustees will require further order of the Court.

Signed and Ordered Entered on this ___1 ST___ day of October, 2015.

_____
HONORABLE JOE H. LOVING

# Exhibit C

IN THE MATTER OF THE ESTATE §
OF LEE ROY HOSKINS, SR., §
§
Deceased. §

IN THE COUNTY COURT OF

LIVE OAK COUNTY, TEXAS

## MOTION BY LEE ROY HOSKINS, III, ANDREA CLARE JURICA, AND LEE ANN HOSKINS KULKA FOR ORDER APPOINTING MARCUS ROGERS AS RECEIVER

Lee Roy Hoskins, III, Andrea Clare Jurica, and Lee Ann Hoskins Kulka, file this Motion for Order Appointing Marcus Rogers as Receiver.

1.     Movants ask the Court to sign an Order in this case appointing Marcus Rogers as Receiver over the assets of the Marital Trust and the Residuary Trust under the Will of Lee Roy "Cowboy" Hoskins, Sr. Movants invoke the rights and remedies on appointment of a receiver under Section 114.008 of the Texas Trust (Property) Code, Chapter 64 of the Civil Practice and Remedies Code, and common law.

2.     The Trust Code "authorizes a court to 'appoint a receiver to take possession of ... trust property and administer [a] trust' in order to 'remedy a breach of trust ....'" *Elliott v. Weatherman*, 369 S.W.3d 224, 228 (Tex. App.—Austin 2013, no pet.).[1]

3.     In a related arbitration proceeding, the arbitrator already appointed Mr. Rogers to serve as Receiver. A copy of the Arbitrator's Order signed on April 16, 2013, appointing Mr. Rogers as Receiver is submitted with this Motion as Appendix A.

---

[1] The Court of Appeals reversed the appointment of a receiver in *Elliott* because the trial court appointed the receiver without notice to parties opposing the appointment. Movants notify all parties of this Motion, and will notify the parties of any hearing on this Motion.

4.  This Court has recognized the standing and role of the Receiver in this Court's Order signed on August 1, 2014. But this Court has not explicitly appointed the Receiver to serve as a receiver or granted him any authority from this Court. The Court should do so now. The Court should order that Marcus Rogers is appointed as Receiver over the assets of the Marital Trust and the Residuary Trust. The Court also should authorize Marcus Rogers as Receiver to assert and prosecute causes of action on behalf of the current Trustees of those Trusts to recover assets of the Trusts or damages and/or restitution for the loss or misappropriation or misuse of any assets of the Trusts. Movants request that the Court do so. Movants have no complaint with either of the current Trustees, and do not ask the Court to remove either Trustee or to replace either of them with the Receiver. Rather, Movants ask the Court to explicitly authorize the Receiver to work together with the current Trustees.

5.  Granting this Motion will protect and enhance the Trusts. Neither Trustee currently has funds with which to pay counsel to prosecute the claims and causes of action of the Trusts. The current Trustees and the Receiver have common, aligned fiduciary duties and interests relating to the Trusts. Appointing Marcus Rogers as Receiver over the assets of the Trusts will allow him to work together with the current Trustees for the benefit of the beneficiaries of the Trusts.

6.  Accordingly, Movants ask the Court to grant this Motion, to order that Marcus Rogers is appointed Receiver over the assets of the Marital Trust and the Residuary Trust, and to authorize him to pursue and prosecute claims and causes of action by and on behalf of the Trusts. Movants request all other relief to which they are entitled.

7.    **Certificate of Conference.** Counsel for Movants certifies by his signature below that he has conferred with counsel or attempted to do so and that counsel for the parties have not been able to come to an agreement in this matter.

Respectfully submitted,

BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile
royal@binghamandlea.com

By: _____
    ⸱⸱ROYAL B. LEA, III
    State Bar No. 12069680

COUNSEL FOR RESONDENTS, LEE ROY HOSKINS, III, ANDREA CLARE JURICA, AND LEE ANN HOSKINS KULKA

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2015, a true and correct copy of the above and foregoing has been served by E-Mail on the following:

Mr. David C. Baskutis
dbakutis@lawbms.com
Mr. R. Dyann McCully
dmccully@lawbms.com
Bakutis, McCully & Sawyer, P.C.
500 W. Seventh St., Ste. 725
Fort Worth, TX 76102
Counsel for Dependent Administratrix,
R. Dyann McCully

Mr. David L. Ylitalo
dylitalo@coatsrose.com
Coats Rose, P.C.
1020 Northeast Loop 410, Suite 800
San Antonio, Texas 78209
Counsel for Respondent, Leonard Kenton Hoskins

Mr. C. David Kinder
dkinder@coxsmith.com
Mr. Matthew G. Cole
Cox Smith Matthews, Inc.
112 E Pecan Street, Suite 1800
San Antonio, Texas 78205
Counsel for Respondents, Colonel Clifton Hoskins, and Hoskins, Inc.

Mr. Mark Comuzzie
mcomuzzie@jw.com
Ms. Julia W. Mann
Jackson Walker, LLP
112 E. Pecan Street, Suite 2400
San Antonio, Texas 78205
Counsel for Respondent, William R. Hoskins

Mr. James Hartnett, Jr.
jim@hartnettlawfirm.com
The Hartnett Law Firm
2920 N. Pearl Street
Dallas, Texas 75201-7315
Counsel for Receiver, Marcus P. Rogers

Mr. Glen A. Yale
glenyale@yalelawfirm.com
Yale Law Firm, P.C.
2135 E. Hildebrand Avenue
San Antonio, Texas 78209
Counsel for Receiver, Marcus P. Rogers

Mr. Marcus P. Rogers
mrogers@marcusrogerslaw.com
Law Offices of Marcus P. Rogers, P.C.
213 5 E. Hildebrand A venue
San Antonio, Texas 78209
Receiver

Ms. Joyce W. Moore
jwmoore@langleybanack.com
Langley & Banack, Inc.
745 E. Mulberry, Suite 900
San Antonio, Texas 78212
Counsel for Respondent, Hazel Q. Hoskins

David W. Navarro
dnavarro@hfgtx.com
Hornberger Fuller & Garza, Inc.
7373 Broadway, Ste. 300
San Antonio, Texas 78209

ROYAL B. LEA, III

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE #01-23337-C-11 |
| | * | ADVERSARY #01-2120 |
| SOUTHWEST RANCHING, INC., | * | |
| DEBTOR | * | |
| | * | |
| LEE ROY HOSKINS | * | IN ARBITRATION |
| | * | BEFORE |
| VS. | * | THOMAS J. SMITH |
| | * | |
| CLIFF HOSKINS AND HAZEL HOSKINS | * | |

## ARBITRATOR'S ORDER APPOINTING RECEIVER

On the 16ᵗʰ day of April, 2013, Thomas J. Smith, the Arbitrator, considered the request by Leonard K. Hoskins for appointment of a Receiver pursuant to Article 114.008 of the Texas Property Code. After considering such request, the Arbitrator is of the opinion that such Receiver shall be appointed.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** that Marcus P. Rogers is hereby appointed a Receiver under Section 114.008(a)(5) of the Texas Property Code with the powers and responsibilities set forth therein, as well as those in the Texas Probate Code; and further Receiver shall:

1. Take possession of all Trust Property and administer the Trust pursuant to its terms;

2. Determine whether Hazel Hoskins is capable of continuing as the Trustee;

3. Make such other recommendations as he may deem appropriate; and

4. Deliver a report to the Arbitrator no later than June 30, 2013.

**IT IS FURTHER ORDERED** that MARCUS P. ROGERS, shall be sworn to perform the duties faithfully of Receiver, and shall execute a good and sufficient bond in the amount of $11,000 (Eleven Thousand and No/100 Dollars), conditioned on faithful discharge of his duties as Receiver herein and obedience to the Arbitrator.

For his services as Receiver, Marcus P. Rogers shall receive compensation at the hourly rate of $250.00, plus all expenses, including but not limited to professional fees necessary to assist him

in his duties. Claimant, Leonard K. Hoskins, shall pay said fees and expenses of the Receiver which shall be without prejudice to Claimant's right to seek recovery of these payments at the final hearing of the case in arbitration.

**IT IS FURTHER ORDERED** that the appointment of MARCUS P. ROGERS, as Receiver shall continue until further order of the Arbitrator.

EFFECTIVE DATE: April 16, 2013.

THOMAS J. SMITH, Arbitrator

APPROVED AS TO FORM:

COATS ROSE YALE RYMAN & LEE, P.C.
1020 N.E. Loop 410, Suite 800
San Antonio, Texas 78209
(210) 224-7098
(210) 212-5698 (fax)

DAVID YLITALO
State Bar No. 22155500
ATTORNEY FOR LEONARD K. HOSKINS

LANGLEY & BANACK, INC.
745 E. Mulberry, Suite 900
San Antonio, Texas 78212
(210) 736-6600
(210) 735-6889 (fax)

Emerson Banack, Jr.
State Bar No. 01667000
ATTORNEY FOR HAZEL HOSKINS

2